UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THOMAS PIPKIN,<br>308 Allison St NW<br>Washington, DC 20011,<br><br>            PLAINTIFF<br>      vs.<br><br>DISTRICT OF COLUMBIA,<br><br>and<br><br>OFC. Michael V. Touart,<br>*in his individual capacity*,<br>Metropolitan Police Department<br>1st District<br>101 M Street SW<br>Washington, DC 20024,<br><br>            DEFENDANTS | Judge _____<br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

### THE PARTIES

1.     Plaintiff THOMAS PIPKIN is a citizen of the District of Columbia.

2.     Defendant DISTRICT OF COLUMBIA is a municipal corporation. The Metropolitan Police Department (MPD) is an agency of Defendant District of Columbia.

3.     Defendant OFFICER MICHAEL V. TOUART is and was, at all times relevant to this Complaint, an MPD officer. OFFICER TOUART is being sued in his individual capacity. At all times relevant to this Complaint, OFFICER TOUART was acting under color of District law within the scope of his employment with the District of Columbia.

1

## JURISDICTION AND VENUE

4. This action arises under 42 USC § 1983 and the District of Columbia common law.

5. This Court has jurisdiction over the parties and subject matter pursuant to 28 USC § 1331 and § 1367(a).

6. Venue is proper in this district pursuant to 28 USC § 1391(b)(2) because the events or omissions giving rise to this action occurred in the District of Columbia.

## STATEMENT OF FACTS

7. On December 22, 2013, OFFICER TOUART, along with other MPD officers, responded to a noise complaint at 1025 1st Street SE, Apartment #405.

8. OFFICER TOUART and two other officers stood in the hallway outside the apartment. OFFICER TOUART engaged in a verbal argument with individuals inside the apartment. Throughout the argument, THOMAS PIPKIN stood in the hallway videorecording the incident.

9. At one point, OFFICER TOUART stated that he thought one of the individuals inside the apartment wanted to go to jail. THOMAS PIPKIN asked OFFICER TOUART, "For what?"

10. OFFICER TOUART turned toward THOMAS PIPKIN and said, "Who asked you?"

11. THOMAS PIPKIN replied, "Who asked me what?"

12. OFFICER TOUART turned back towards the apartment and resumed arguing with its occupants.

13. THOMAS PIPKIN then began to speak to OFFICER TOUART, "Guys, I think the resolution is – things are shut down…" but was interrupted by OFFICER TOUART angrily responding, "Nobody is talking to you!" THOMAS PIPKIN then said to the police officers, "Really? I'm trying to resolute [sic] this thing." THOMAS PIPKIN repeated several times, "The party is shut down" and also said, "Nobody is trying to continue the party."

14. OFFICER TOUART then said to THOMAS PIPKIN, "I am not talking to you. If you don't quit interfering . . . You know what? Place your hands behind your back." OFFICER TOUART stated that he was placing THOMAS PIPKIN under arrest for "APO – Interfering with a law enforcement officer in the course of his official duties."

15. OFFICER TOUART arrested THOMAS PIPKIN, placing handcuffs on him without incident. THOMAS PIPKIN complied and did not resist the arrest.

16. At all times described in the Complaint, THOMAS PIPKIN was speaking in a conversational volume.

17. At all times described in the Complaint, except when OFFICER TOUART was placing handcuffs on him, THOMAS PIPKIN was at least several feet away from the officers, beyond arm's length.

18. At no time did THOMAS PIPKIN assault, resist, oppose, impede, intimidate, or interfere with a law enforcement officer.

19. THOMAS PIPKIN was arrested purely for First Amendment-protected activities, namely videorecording the police in the performance of their official duties and verbally criticizing them.

20. OFFICER TOUART did not have probable cause to arrest THOMAS PIPKIN.

21. THOMAS PIPKIN provided the required notice of claim against the DISTRICT OF COLUMBIA, pursuant to D.C. Code § 12-309, on May 30, 2014.

COUNT I:
FALSE ARREST / FALSE IMPRISONMENT
(OFFICER TOUART, District of Columbia)

22. This Count realleges and incorporates by reference each of the preceding paragraphs.

23. OFFICER TOUART arrested THOMAS PIPKIN without his consent and without probable cause.

24. The DISTRICT OF COLUMBIA is liable for OFFICER TOUART's false arrest under the doctrine of *respondeat superior* because OFFICER TOUART was acting within the scope of his duties as an officer for the MPD.

COUNT II:
FOURTH AMENDMENT (42 U.S.C. § 1983)
(OFFICER TOUART)

25. This Count realleges and incorporates by reference each of the preceding paragraphs.

26. OFFICER TOUART arrested THOMAS PIPKIN without probable cause.

COUNT III:
FIRST AMENDMENT (42 U.S.C. § 1983)
(OFFICER TOUART)

27. This Count realleges and incorporates by reference each of the preceding paragraphs.

28. On information and belief, OFFICER TOUART arrested THOMAS PIPKIN in retaliation for engaging in First Amendment protected activity – videorecording him and/or verbally criticizing his conduct.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues for which he is so entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Award Plaintiff compensatory and punitive damages in an amount to be determined at trial, except that punitive damages are not being sought as to the District of Columbia;

(2) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action;

(3) Order Defendant District of Columbia to expunge, purge, and otherwise delete from its files any record of Plaintiff's arrest and to not rely on it in for any future law enforcement purpose;

(4) Order Defendant District of Columbia to request the FBI or any other state, local, or federal agency which may possess a copy of documents referring or relating to Plaintiff's arrest to expunge, purge, or otherwise delete from its files the report and to not rely on it in for any future law enforcement purpose

(5) Grant Plaintiff such other and further relief which the Court deems proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____        7/10/14
Thomas Pipkin                          Date

Respectfully Submitted,

   /s/ Jeffrey L. Light

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213


     /s/ Tyler Jay King
Tyler Jay King, Esq.
D.C. Bar #97959
1225 Eye St., NW Suite 601
Washington, DC  20005
(202) 436-2641

*Counsel for Plaintiff*